IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KELVIN ANDRE SPOTTS,

    Petitioner,

v.                                                  Case No. 2:21-cv-2520-MSN-tmp

ACTING WARDEN CHILDRESS,

    Respondent.

---

**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241
FOR LACK OF SUBJECT MATTER JURISDICTION,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1, "§ 2241 Petition") filed by Petitioner Kelvin Andre Spotts, an inmate then incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), Bureau of Prisons register number 05613-088; the Response in Opposition to Petition for A Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 7); and Petitioner's reply (ECF No.10). For the following reasons, the Court **DISMISSES** the § 2241 Petition for lack of subject matter jurisdiction.

## BACKGROUND

In September 1998, Petitioner pled guilty in the United States District Court for the Southern District of West Virginia to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count Two); using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Thirteen); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Eighteen). *United States v. Spotts*, No. CR 3:98-00047-

01, 2022 WL 4591807, at *3 (S.D.W.Va. Sept. 29, 2022).  On February 10, 1998, at sentencing, the court attributed 22 kilograms of crack to Petitioner for purposes of calculating his guidelines sentence; concluded that Petitioner was "the organizer, ringleader and in every sense the supervisor of [a drug distribution] conspiracy involving numerous individuals" and responsible for importing a "huge quantity of cocaine and cocaine base;" and sentenced Petitioner to life in prison, to be followed by a consecutive sentence of 60 months on the firearms charge.  *Id.*

In 2015, the Court reduced Petitioner's sentence on Count Two to 360 months imprisonment under the 2014 Drug Amendment to the United States Sentencing Guidelines, followed by the consecutive 60-month sentence.  *Id.*  Petitioner's sentence was then reduced under the First Step Act on December 3, 2019, to 324 months imprisonment on Count Two, followed by the consecutive 60-month sentence.  (*Id.*)  Petitioner was granted compassionate release in September 2022.  *Id.* at *5–7.  He was released on November 28, 2022.  *See* [Bureau of Prisons, Find an inmate](#) (last accessed Nov. 9, 2023).

Between Petitioner's sentencing and the grant of compassionate release, he filed multiple mandamus petitions, § 2255 motions, § 2241 petitions, and other motions to gain sentencing relief.  (*See* ECF No. 7 at PageID 21–24.)

## THE § 2241 PETITION

On August 11, 2021, Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1).  He alleges that he is being illegally detained because: (1) he has completed his sentence on his conviction under 21 U.S.C. § 846, and that the conspiracy conviction categorically does not qualify as a "controlled substance offense"; and (2) he is actually innocent of violating 18 U.S.C. § 924(c).  (*Id.* at PageID 6–7.)  Petitioner seeks immediate release from federal prison.  (*Id.* at PageID 8.)

2

On September 9, 2021, the Warden filed a response asserting that the Court should dismiss the petition for lack of jurisdiction. (ECF No. 7 at PageID 21, 24–28.) On October 25, 2021, Petitioner replied that: (1) the indictment does not list any drug amount or overt acts; (2) the Court has subject matter jurisdiction; (3) *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019), informs that the guidelines definition for a "controlled substance offense" does not include attempt crimes, which means that "drug conspiracy convictions under 21 U.S.C. § 846 would no longer be controlled substance offenses" for the purposes of U.S.S.G. § 4B1.1; and (4) Petitioner has not procedurally defaulted his claim because he is actually innocent. (ECF No. 10 at PageID 34–35.)

## ANALYSIS

The Court first notes that Petitioner's claims are likely moot given his release. However, the Court will address whether it has jurisdiction to rule on the claims presented.

The Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where an inmate challenges the execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances.

One limitation on the availability of relief under § 2241 is in the "saving clause" of § 2255(e), which provides as follows:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Courts construing this language "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall

3

be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted); *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."); *McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020) ("When a federal prisoner collaterally attacks the validity of his sentence, rather than the conditions of his confinement, he must ordinarily proceed under § 2255, not § 2241."). The saving clause thus limits the district courts' subject matter jurisdiction because "[a] district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

If, however, the remedy under § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention," then relief under § 2241 remains available, but "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As the Supreme Court recently explained in *Jones v. Hendrix*, "the clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Jones*, 599 U.S. at 473 (citations omitted). Importantly, "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted).

4

Prior to *Jones*, the Sixth Circuit allowed a federal prisoner to challenge his conviction or an enhancement to his sentence in a § 2241 petition filed pursuant to the saving clause if he could show "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings . . . by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Taylor*, 990 F.3d at 499 (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)); *Garner v. Gilley*, No. 23-5114, 2023 WL 5525050, at *2 (6th Cir. Aug. 23, 2023) ("In recent years, we have interpreted the saving clause as allowing a federal prisoner to seek relief under § 2241 rather than § 2255 if his sentencing challenge is based on a retroactively applicable statutory interpretation that could not have been raised previously and the alleged sentencing error is 'sufficiently grave.'" (citing *McCormick*, 977 F.3d at 525)); *Telcy v. Breckon*, No. 22-1460, 2023 WL 6379720, at *2 (6th Cir. Sept. 27, 2023) (same).  In *Wright*, however, the Sixth Circuit recognized that this approach made "§ 2241 a substitute for procedurally barred § 2255 motions," which had "expanded the saving clause beyond its original function."  *Wright*, 939 F.3d at 699; *see also id.* at 710 (Thapar, J., concurring) ("But we have jerry-rigged the saving clause to let § 2255 motions masquerade as § 2241 petitions, evading Congress's chosen limits on collateral review.").  Yet, as Judge Thapar explained, the Sixth Circuit was "bound by our mistakes in this area until we fix them en banc.  Or until the Supreme Court intervenes."  *Id.* at 710 (Thapar, J., concurring).  With its decision in *Jones*, the Supreme Court intervened.

*Jones* clarified that "the saving clause is concerned with the adequacy or effectiveness of the remedial vehicle ('the remedy by motion'), not any court's asserted errors of law."  *Jones*, 599 U.S. at 480.  The Court emphasized that the saving clause cannot be used as an "end-run around AEDPA," which allows a second or successive 2255 motion to proceed only if it asserts one of

5

two conditions: (1) newly discovered evidence such that no reasonable factfinder would have found the defendant guilty; and (2) a new rule of constitutional law made retroactive to cases on collateral review. *Id.* at 477–78; *see* 28 U.S.C. § 2255(h). The Court distinguished due process errors that occur at trial from AEDPA's restrictions on collateral review, explaining that "[d]ue process does not guarantee a direct appeal, let alone the opportunity to have legal issues redetermined in successive collateral attacks on a final sentence." *Jones*, 599 U.S. at 487 (citation omitted).

Petitioner is clearly attacking the validity of his conviction, not the execution of his sentence. As explained above, habeas relief under § 2241 is not available to Petitioner unless relief under § 2255 is inadequate or ineffective. Petitioner has filed multiple § 2255 motions and been denied relief. The dismissal of his prior § 2255 motions, however, does not make the § 2255 remedy inadequate and ineffective such that Petitioner could invoke the saving clause.

In *Jones*, the Supreme Court said that "[t]he inability of a prisoner with a statutory claim to satisfy th[e] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." 599 U.S. at 480. Petitioner seeks relief based on statutory interpretation of what qualifies as a crime of violence under § 924(c). Petitioner cannot bring this statutory claim under § 2241. *See, e.g., Telcy*, 2023 WL 6379720, at *2 ("Telcy's § 2241 petition—which seeks relief in light *Mathis*, *Descamps*, and *Moncrieffe*, cases of statutory interpretation—is foreclosed by *Jones*.").

Petitioner has not presented newly discovered evidence or a new constitutional ruling that applies retroactively to his conviction. Nothing in the record or briefing indicates there are "unusual circumstances" that make it "impossible or impracticable . . . to seek relief in the sentencing court." *Jones*, 599 U.S. at 478.

Petitioner has therefore not met his burden of satisfying the saving clause by showing that a § 2255 motion is inadequate or ineffective to challenge his sentence. For this reason, and because Petitioner is not "challenging the legality of his *detention* without attacking the validity of his *sentence*," *Jones*, 599 U.S. at 475 (cleaned up), this Court lacks jurisdiction to address the merits of Petitioner's claims.

For the reasons set forth above, the § 2241 Petition is **DISMISSED** for lack of subject-matter jurisdiction. Judgment shall be entered for Respondent.

## APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because the Court lacks subject matter jurisdiction over Petitioner's claims, the Court determines that any appeal would not be taken in good faith. It is therefore

7

**CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[1]

**IT IS SO ORDERED**, this 9th day of November, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.